UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE GUZMAN

MAGISTRATE JUDGE MASON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 17 CR 79 |
| | ) | |
| v. | ) | Violation: Title 18, United States Code, Section 1343 |
| | ) | |
| RANDALL RYE | ) | |
| | ) | |

FILED

MAR 15 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

The SPECIAL FEBRUARY 2016 GRAND JURY charges:

1. At times material to this indictment:

   a. Defendant RANDALL RYE owned and operated Faster than Light Trading, LLC, which was located in Chicago, Illinois.

   b. RYE represented that Faster than Light Trading was a proprietary trading firm that used computer algorithms to trade in options and futures contracts. Through Faster than Light Trading, defendant RYE represented to investors that he provided investment opportunities for their funds.

2. Beginning in or about September 2015, and continuing until in or about February 2017, in the Northern District of Illinois, Eastern Division, and elsewhere,

RANDALL RYE,

defendant herein, devised, intended to devise, and participated in a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, which scheme is further described below.

3. It was part of the scheme that defendant RYE fraudulently obtained and retained at least $1.5 million from investors through false statements about, among other things, the intended use of the money raised, the rate of return of the investors' funds, and the total account balances for the investors.

4. It was further part of the scheme that defendant RYE falsely represented to investors that their investment would be traded using his proprietary trading program and invested in options and futures contracts. However, defendant RYE intended to and did fraudulently misappropriate some of the investor funds for his own personal expenses, including for personal air and hotel travel expenses (such as for trips to St. Lucia and Bali), tickets to sporting events (such as the MLB World Series and the Masters Golf events), restaurants, luxury items, and substantial cash withdrawals.

5. It was further part of the scheme that defendant RYE falsely represented to investors, in order to retain their funds and obtain additional funds, that their investments were generating substantial, positive returns from his purported algorithmic trading program, when defendant knew that his trading of the investor funds had not resulted in any gains and that he had misappropriated the investors' funds for his own personal expenses.

6. It was further part of the scheme that defendant RYE prepared and sent numerous false account statements to investors that appeared to be from established financial services companies, which stated that all of the investors' principal and profits were invested and were profitable. These account statements also falsely represented that RYE had opened separate, managed accounts for each of the investors. For example, on or our about July 19, 2016, defendant sent Investor CY a fake account statement showing that his investment of $140,000 was now purportedly worth approximately $546,353. However, defendant knew that these account statements were false, and that the investors' funds were not maintained at these financial services companies, were commingled, and were not generating any profits.

7. It was further part of the scheme that, in order to retain their funds and obtain

additional funds, defendant RYE knowingly used new investor funds to repay earlier investors a portion of their investment and purported profits.

8. It was further part of the scheme that defendant RYE created and sent fake wire transfer sheets to certain investors that purported to be from Citibank, and that falsely stated he had requested a wire transfer of funds to the investors and that he had approximately $38 million in that account. For example, on or about January 12, 2017, RYE provided Investor MR with three fake wire transfer requests purportedly showing that he had sent a total of $200,000 from his Citibank account and noting a balance of approximately $38 million in the account. RYE knew that these fake wire transfer requests were fraudulently designed to stall investors that were demanding withdrawal of their funds.

9. It was further part of the scheme that defendant RYE did misrepresent, conceal, and hide, and caused to be misrepresented, concealed, and hidden, acts done in furtherance of the scheme and the purpose of those acts.

10. As a result of the scheme, defendant fraudulently misappropriated at least $1.5 million from at least 15 investors.

11. On or about December 30, 2015, in the Northern District of Illinois, Eastern Division, and elsewhere,

RANDALL RYE,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transfer in the amount of approximately $100,000 from Investor CY's US Bank account, through the Federal Reserve System in Texas, to defendant's

Fifth Third Bank account, which funds represented one of Investor CY's investments with defendant;

In violation of Title 18, United States Code, Section 1343

## COUNT TWO

The SPECIAL FEBRUARY 2016 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 10 of Count One of this indictment are incorporated here.

2. On or about February 2, 2016, in the Northern District of Illinois, Eastern Division, and elsewhere,

RANDALL RYE,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transfer in the amount of approximately $80,000 from Investor SM's Citizens Business bank account, through the Federal Reserve System in Texas, to defendant's Fifth Third Bank account, which funds represented one of Investor SM's investments with defendant;

In violation of Title 18, United States Code, Section 1343.

## COUNT THREE

The SPECIAL FEBRUARY 2016 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 10 of Count One of this indictment are incorporated here.

2. On or about March 30, 2016, in the Northern District of Illinois, Eastern Division, and elsewhere,

RANDALL RYE,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transfer in the amount of approximately $100,000 from Investor SM's Citizens Business Bank account, through the Federal Reserve System in Texas, to defendant's Fifth Third Bank account, which funds represented one of Investor SM's investments with defendant;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOUR

The SPECIAL FEBRUARY 2016 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 10 of Count One of this indictment are incorporated here.

2. On or about June 2, 2016, in the Northern District of Illinois, Eastern Division, and elsewhere,

RANDALL RYE,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transfer in the amount of approximately $150,000 from Investor TN's Bank of America account, through the Federal Reserve System in Texas, to defendant's Fifth Third Bank account, which funds represented one of Investor TN's investments with defendant;

In violation of Title 18, United States Code, Section 1343.

## COUNT FIVE

The SPECIAL FEBRUARY 2016 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 10 of Count One of this indictment are incorporated here.

2. On or about June 9, 2016, in the Northern District of Illinois, Eastern Division, and elsewhere,

RANDALL RYE,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transfer in the amount of approximately $50,000 from Investor MR's Citizens Business Bank account, through the Federal Reserve System in Texas, to defendant's Fifth Third Bank account, which funds represented one of Investor MR's investments with defendant;

In violation of Title 18, United States Code, Section 1343.

## **COUNT SIX**

The SPECIAL FEBRUARY 2016 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 10 of Count One of this indictment are incorporated here.

2. On or about July 8, 2016 in the Northern District of Illinois, Eastern Division, and elsewhere,

RANDALL RYE,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transfer in the amount of approximately $50,000 from Investor MR's Citizens Business Bank account, through the Federal Reserve System in Texas, to defendant's Fifth Third Bank account, which funds represented one of Investor MR's investments with defendant;

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

The SPECIAL FEBRUARY 2016 GRAND JURY further alleges:

1. The allegations of Counts One through Six are incorporated here for the purpose of alleging forfeiture to the United States pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

2. As a result of the violations as alleged in Counts One through Six of the foregoing indictment,

RANDALL RYE,

defendant herein, shall forfeit to the United States any and all right, title, and interest he may have in any property, real and personal, which constitutes and is derived from proceeds traceable to the offenses charged in Counts One through Six.

3. The interests of defendant subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) as incorporated by Title 28, United States Code, Section 2461(c), include, but are not limited to: (1) approximately $1.5 million, and (2) one Hublot watch and one Omega watch, which were seized on February 13, 2017.

4. If any of the forfeitable property described above, as a result of any act or omission by defendant:

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third party;

      (c)    has been placed beyond the jurisdiction of the court;

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property which cannot be divided

without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c);

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

A TRUE BILL:

_____<br>FOREPERSON

_____
ACTING UNITED STATES ATTORNEY